UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY KELLY, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:20-cv-01864-AKK** |
| TAURUS INTERNATIONAL ) | |
| MANUFACTURING, INC., et al., ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER OF DISMISSAL

The court has for consideration Taurus International Manufacturing, Inc.'s and Taurus Holdings, Inc.'s motion to dismiss, doc. 3, to which the plaintiff has failed to respond, *see* docs. 4 and 10. The motion is due to be granted.

**I.**

The plaintiff was convicted by a jury for manslaughter and sentenced to 20 years based on a fatal shooting on April 24, 2016, involving a firearm allegedly manufactured by the moving defendants. *See* doc. 1-1 at 9-10. The plaintiff alleges that a defect in the firearm caused it to discharge when he threw his backpack at the victim. *Id*. He filed this lawsuit against four defendants: the two movants, Forjas Taurus, a foreign corporation that he has not yet served, and Scott Jewelry and Pawn, the store from which he purchased the firearm. Reading the complaint liberally, it

1

seems the plaintiff is pleading claims for negligence, fraud, products liability under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"), and loss of consortium. The Taurus Defendants removed the case to this court on diversity grounds, asserting that the plaintiff fraudulently joined the non-diverse defendant, Scott Jewelry and Pawn, and have moved for dismissal of the claims. The plaintiff has not challenged the fraudulent joinder contention, and a review of the complaint and the applicable law supports the movants' contention that the plaintiff may have pleaded claims against a seller of a product that are not cognizable under Alabama law. Therefore, the court will address the motion to dismiss.

## II.

The plaintiff's claims are either not recognized by law[1] or contain various defects. To begin, the pleaded claims are barred by the two-year statute of limitations. *See* Ala. Code § 6-2-38. Indeed, the plaintiff recognizes this fact and

---

[1] For example, it seems the plaintiff is alleging a negligent failure to recall claim, doc. 1-1 at 9-10, but "neither Alabama nor any other state recognizes or imposes a common law duty to recall." *Lampley v. Bridgestone Firestone Inc.,* Civil Action No. 90-A-907-N, 1992 WL 12666661, at *1 (M.D. Ala. Mar. 31, 1992) (citation omitted). And the plaintiff cannot pursue a loss of consortium claim because he does not plead that he was married to the victim. *See* doc. 1-1 at 8-10; *Hinson v. King*, 603 So. 2d 1104, 1106 (Ala. Civ. App. 1992) (defining consortium as the "conjugal fellowship of husband and wife . . ."). But even if he was, the claim requires that he have a valid underlying tort claim and he does not. Finally, the claims, if any, related to the alleged defects of the product belong to the victim and only her personal representative can assert a wrongful death claim. *See* Ala. Code § 6-5-410. The plaintiff does not plead that he is the personal representative for the victim.

2

contends instead that he is "invok[ing] Section 6-2-3 and 6-2-8[2] . . . the saving clause due to the suppression and concealment of material information concerning the 'safety defects' in the pistol they manufactured . . ." to extend the statute. Doc. 1-1 at 8. This contention overlooks that the savings clause does not apply to negligence claims. *See Boyce v. Cassese,* 941 So. 2d 932, 946, n. 2 (Ala. 2006). And, while the savings clause may be used to extend fraud claims, the plaintiff must plead more than generalized allegations of suppression and concealment to invoke the clause. Here, however, the plaintiff pleads only that defendants "knew or had a duty to know of the two Safety Defects . . . and fraudulently concealed and suppressed the defects." Doc. 1-1 at 9. But "a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment and, hence, does not toll the running of the statute." *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983). And "[g]eneralized allegations to support [a] claim for fraudulent concealment" are insufficient to excuse the purported failure to discern the facts surrounding the alleged injury from the defect. *Miller v. Mobile Cty. Bd. Of Health*, 409 So. 2d 420, 422 (Ala. 1981). Put simply, where, as here, the plaintiff "'fails to allege any of the facts or circumstances by which the [defendants] concealed the cause of action or injury' and 'fails to allege what prevented [him] from discovering

---

[2] Section 6-2-8 applies to minors and persons with mental disabilities, neither of which applies here.

3

facts surrounding the [alleged fraud],'" he cannot invoke the savings clause. *Waldrup v. Hartford Life Ins. Co.,* 598 F. Supp. 2d 1219, 1227 (N.D. Ala. 2008) (quoting *Smith v. Nat'l Sec. Ins. Co.*, 860 So.2d 343, 347 (Ala. 2003)). Therefore, the claims against the movants are barred by the statute of limitations and are due to be dismissed.

Alternatively, the claims fail also for separate reasons. "To establish liability under the AEMLD, [the plaintiff] must show that '(1) he suffered injury or damages to himself or his property . . . .'" *Garrison v. Sturm, Ruger & Co*., 322 F. Supp. 3d 1217, 1224 (N.D. Ala. 2018) (quoting *Casrell v. Altec Indus*., *Inc*., 335 So. 2d 128, 132–33 (Ala. 1976)). The injury here as pleaded was to the deceased victim. *See* doc. 1-1 at 8-10. While the plaintiff pleads that he is incarcerated due to an alleged defective firearm, *id.*, being in prison is not an injury to oneself as required by the statute.[3]

Moreover, the plaintiff's contributory negligence – as evident by his conviction of manslaughter which requires a finding that he recklessly caused the death of another person[4] – bars him from any recovery for the AEMLD or negligence

---

[3] *See* Ala. Code § 6-5-521(a) (The definition of a "product liability action" includes "any action brought by a natural person for personal injury, death, or property damage . . . .").

[4] *See* Ala. Code 13A-6-3(a).

4

claims.[5] Similarly, he cannot establish that the alleged defect caused the injury given that he misused the pistol when he threw the backpack at the victim, causing "the pistol [to] hit the wall and fire[] when it hit the floor, shooting and killing [the victim]."[6] Doc. 1-1 at 9. And, relatedly, the throwing of the firearm was an intervening or superseding cause of the injuries and, as such, the plaintiff cannot show that the alleged defect proximately caused the injuries.[7]

### III.

For all these reasons, the moving defendants' motion to dismiss, doc. 3, is **GRANTED**. Because in theory the plaintiff may be able to plead facts to invoke the savings clause for his fraud claims, those claims are **DISMISSED WITHOUT PREJUDICE**. The rest of his claims against Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. are **DISMISSED WITH PREJUDICE**.

---

[5] *See, e.g., Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860 (Ala. 2002) (citations omitted).

[6] *See Garrison*, 322 F. Supp. 3d at 1224–25 ("[T]he important factor is whether it is safe or dangerous when the product is used as it was intended to be used . . .") (internal quotations omitted).

[7] Proximate cause is a necessary element for a negligence or AEMLD claim. *See Bodie v. Purdue Pharma Co.*, 236 F. App'x 511, 518 (11th Cir. 2007). And "'[i]t is settled law in Alabama that even if one negligently creates a dangerous condition, he or she is not responsible for injury that results from the intervention of another cause, if at the time of the original negligence, the intervening cause cannot reasonably be foreseen.'" *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Sims v. Crates*, 789 So. 2d 220, 224 (Ala. 2000)).

The claims against the remaining defendants, Forjas Taurus, S.A. and Scott's Jewelry and Pawn, are **REMANDED** back to the Circuit Court of Jefferson County, Bessemer Division. The clerk is directed to close this file.

**DONE** the 15th day of January, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE